IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KETONEAID, INC.,**<br>a Delaware Corporation,<br>Plaintiff,;<br><br>Plaintiff;<br><br>v.<br><br>**SUSPEND AGING L.L.C.,** a Puerto Rico Limited Liability Company, d/b/a **ALTRD HEALTH LLC** d/b/a **ALTRD APE COMPANY,** and<br>**IBOK IBOK,** an individual,<br>Defendants. | Civil No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; DAMAGES; PERMANENT INJUNCTION; PIERCING OF CORPORATE VEIL**<br><br>**BENCH TRIAL REQUESTED** |

## VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff KETONEAID, INC. (hereinafter, "KetoneAid or Plaintiff"), through the undersigned attorneys, respectfully alleges, states and prays as follows:

### I.  INTRODUCTION

#### Nature of the Action

This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to permanently enjoin Defendant (as defined below) from initiating or continuing any unlawful and unauthorized and infringing manufacture, importation, use, distribution, offering for sale and/or sale of "*Fun Ketones*" ("Accused Products"), a series of beverages containing D-1,3-butanediol ("D-1,3 BDO"), also known as R-1,3-butanediol ("R-1,3 BDO") (hereinafter, D-1,3 BDO and R-1,3 BDO indistinctly referred to as "Active Ingredient"), identical or equivalent to Plaintiff's patented technology under U.S. Patent Nos. 11,760,963 ("'63 Patent") (the "Asserted Patent"), and to recover damages, attorney's fees, and costs.

Case 3:25-cv-01234-GMM     Document 1     Filed 04/25/25     Page 2 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

## Plaintiff's Claims

Plaintiff KetoneAid, Inc. ("KetoneAid") seeks:

a. Declaratory judgment finding patent infringement against Defendants;

b. Damages for patent infringement;

c. Permanent injunctive relief to stop Defendants from infringing the Asserted Patent;

d. Piercing of Suspend Aging L.L.C's corporate veil; and

e. Attorneys' fees and costs, and other relief as warranted.

## II.     THE PARTIES

1. Plaintiff, KetoneAid, Inc. ("KetoneAid" or "Plaintiff") is a Delaware corporation with its principal place of business at 6304 Crosswoods Circle, Falls Church, Virginia 22044. KetoneAid is an innovator in ketone-based products and owns valid and enforceable patent related to the Active Ingredient. It has been actively selling ketone products for several years and has been part of multiple clinical trial studies that focus on the benefits of ketones for elderly including Alzheimer's, ALS and Parkinsons.

2. Suspend Aging LLC is, a Puerto Rico for profit limited liability company with register number 501757, with a principal place of business at 115 Dorado Beach E, DORADO, PR, 00646. The resident agent, President, and authorized person address upon which it can be served with process is 115 Dorado Beach E, DORADO, PR, 00646.

3. Suspend Aging LLC does business under the names ALTRD Health LLC and Altrd Ape Company. Upon information and belief, ALTRD Health LLC and Altrd Ape Company are not companies but d/b/as improperly incorporating the acronym "LLC" and the word "Company". Suspend Aging LLC, ALTRD Health LLC and Altrd Ape Company are collectively referred to hereinafter as "Suspend Aging".

Case 3:25-cv-01234-GMM   Document 1   Filed 04/25/25   Page 3 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

4.      Defendant, Ibok Ibok ("Ibok") is an individual residing in Puerto Rico, President, resident agent and authorized person for Suspend Aging. Ibok has an address at: ▇▇▇▇ ▇▇▇▇ Vega Alta, Puerto Rico 00692. Ibok and Suspend Aging are referred to collectively as "Defendant".

### III.     JURISDICTION AND VENUE

#### Subject Matter Jurisdiction

5.      This Court has subject matter jurisdiction over the patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over the piercing of corporate veil claim under 28 U.S.C. § 1367 because it arises from a common nucleus of operative facts with the patent infringement claim and/or because it arises out of Federal Common Law.

#### Personal Jurisdiction

6.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due to at least because it resides in this judicial district and/or because substantially all the operative facts arose in Puerto Rico.

7.      Defendant is subject to this Court's personal jurisdiction pursuant to due process, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Puerto Rico and in this judicial district.

8.      For example, the Accused Products are marketed by Defendant in the webpage www.funketones.com ("Webpage"). The Website's Terms of Use and Privacy Policy state:

Case 3:25-cv-01234-GMM   Document 1   Filed 04/25/25   Page 4 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

"These Terms & Conditions and all transactions on this website will be governed by and interpreted under the laws of Puerto Rico, USA."

9. Defendant's promotional activities, product branding, and representations on the Website and social media demonstrate concrete steps toward a commercial product launch. These actions create a real and immediate threat of infringement that satisfies the justiciability and ripeness requirements for declaratory and injunctive relief.

10. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including residency, corporate formation and operation, having branches and/or employees in Puerto Rico, as well as because of the injury to KetoneAid, and the cause of action KetoneAid has risen, as alleged herein.

11. Defendant, directly and/or through its employees or agents, and/or its customers, have and continue to offer for sale the Accused Products.

12. For example, upon information and belief, Defendant has imported and/or made/manufactured, and/or used the Accused Products, at least for testing in the District.

13. Defendant offers for sale the Accused Products through the Website that states that all transactions on the Website will be governed by and interpreted under the laws of Puerto Rico.

14. Defendant's Website offering for sale the Accused Products states that: "THE PRODUCTS DISPLAYED AND AVAILABLE FOR SALE ON THIS SITE (1) ARE LEGAL SUPPLEMENTS TO BE SOLD IN USA".

15. Defendant's Website includes a "shop now" icon that allows the customer to select the desired Accused Product, and add it to a "cart" for purchase. When added to the cart, the

Case 3:25-cv-01234-GMM     Document 1     Filed 04/25/25     Page 5 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

selected Accused Product shows its sale price (which vary from $35-$25 for a can containing 15 grams of "Betterhol", the Active Ingredient).

16. Ibok, who resides in Puerto Rico, serves as an officer of Suspend Aging (a Puerto Rico LLC) and is employed by it. Ibok further offers personal services in Puerto Rico like life coaching, healthcare consulting, engineering design services, independently and/or through Suspend Aging. Therefore, Defendant has engaged in substantial and not isolated activity within this District and exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

17. Defendant has also engaged a celebrity boxer which resides and markets himself as fighting out of Dorado, Puerto Rico to market the Accused Products.

18. Upon information and belief, the Accused Products contain each and every element of at least one claim of the Asserted Patent with the knowledge and/or understanding that such products are used or will be used in this District.

19. For example, the Webpage describes the Accused Products as containing the Active Ingredient.

## Venue

20. Venue is proper in this District under 28 U.S.C. §§ 1391 and/or 1400(b) because:

a. A substantial portion of the events giving rise to the claims, including Defendant's alleged infringing conduct, took place in Puerto Rico.

b. Defendant is subject to personal jurisdiction in Puerto Rico and resides here for venue purposes.

c. Defendant's infringement caused harm in Puerto Rico.

Case 3:25-cv-01234-GMM    Document 1    Filed 04/25/25    Page 6 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

## IV.    STATEMENT OF FACTS

### KetoneAid's Patent and Technology

21.    KetoneAid is a pioneer in the development of beverages, among others, those containing the Active Ingredient:[1]



22.    As many other compounds, the Active Ingredient is identified by different names due to chemical nomenclature systems.

23.    The Active Ingredient is indistinctly known as D-1,3 BDO or R-1,3 BDO.

24.    D-1,3 BDO and R-1,3 BDO are the same compound, where the "D" in D-1,3 BDO and the "R" in R-1,3 BDO refer to different naming systems of the same compound. D-1,3 BDO and R-1,3 BDO are indistinctly referred to herein as "Active Ingredient".

---

[1] Image obtained from ketoneaid.com; last visited April 14, 2025.

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

25. KetoneAid owns the '63 Patent, titled *Ketogenic Beer and Alcoholic Beverage Mixture Containing Non-Racemic Ethyl 3-Hydroxybutyrate and/or 1,3 Butanediol* and the '57 Patent, titled *Functional Beverage Containing 1,3 Butanediol*.

26. KetoneAid sells, among others, the products "Hard Ketones", a series of alternative drinks to alcohol that embody the technology of the Asserted Patent:



27. *Hard Ketones* are marketed as drinks that can provide the buzz sensation that alcohol consumption generates but without alcohol[2] and without some alcohol side effects.

28. KetoneAid markets the Active Ingredient in *Hard Ketones* using the brand *Ketohol*.

---

[2] What is colloquially referred to as alcohol is more accurately the compound ethanol also called ethyl alcohol.

Case 3:25-cv-01234-GMM    Document 1    Filed 04/25/25    Page 8 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

**Defendant Accused Products**

29.     Defendant, directly and/or through its employees or agents, and/or its customers, offer for sale the products "Fun Ketones", the Accused Products, at least through the Website (www.funketones.com)[3]:



30.     Defendant Accused Products, "Fun Ketones", like KetoneAid's *Hard Ketones*, are also an alternative drink to alcohol that embodies the technology of the Asserted Patent.

31.     Like Plaintiff's *Hard Ketones*, Defendant markets *Fun Ketones* as a drink that can provide the buzz sensation that alcohol consumption generates without alcohol and some alcohol side effects.

32.     Defendant markets the Active Ingredient in *Fun Ketones* as *Betterhol*.

---

[3] Last visited on April 21, 2005.

Case 3:25-cv-01234-GMM    Document 1    Filed 04/25/25    Page 9 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

## V. COUNT I: PATENT INFRINGEMENT

### (35 U.S.C. § 271 et seq.)

33. Incorporation of Allegations. KetoneAid realleges and incorporates by reference paragraphs 1–32 above.

### Ownership of the Asserted Patent

34. KetoneAid is the owner by assignment of all right, title, and interest in and to the '63 Patent, duly and legally issued by the U.S. Patent and Trademark Office.

### Defendant's Infringing Conduct

35. Defendant offers for sale its product through the Website.

36. Upon information and belief, Defendant has taken substantial preparatory steps toward the manufacture, importation, marketing, and/or sale of infringing products, including: website development, branding, trademark filings, product naming, and sample distribution. Such actions constitute at least imminent infringement under 35 U.S.C. § 271 and applicable case law, and create a real and immediate threat to KetoneAid's patent rights sufficient to warrant declaratory relief and injunctive protection.

37. According to its marketing videos on social media, Defendant, as of November 2024, had a *soft opening* within the United States where it used the Accused Products by offering samples and promoting it to the assisting public, and to the general public through its social media. The *soft opening* constitutes, at least, manufacture and/or importation, and use of the Accused Products in the United States.

38. Claim 1 of the '63 Patent reads:

Case 3:25-cv-01234-GMM     Document 1     Filed 04/25/25     Page 10 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

> 1. A beverage comprising water and at least 0.5 percent by volume D-1,3-butanediol and no, or substantially no, L-1,3-butanediol, the beverage further optionally comprising one or more additives selected from the group consisting of D ethyl 3-hydroxybutyrate; D beta hydroxybutyrate salts; D beta hydroxybutyrate, D 1,3-butanediol monoester; 3-hydroxy-, 3-ethoxy-1-methyl-3-oxopropyl ester; D hydroxybutyric acid: ethanol: and combinations thereof.

39. The Accused Products contain water and at least 0.5 percent by volume of the Active Ingredient.

40. Upon information and belief, the Accused Products contain no, or substantially no, L-1-3-butanediol.

41. Therefore, the Accused Products contain each and every element of at least one Claim of the '63 Patent.

42. By making, using, offering to sell, or imminently selling the Accused Products that contain each and every element of at least one Claim of the '63 Patent, Defendant directly and/or indirectly infringes one or more claims of the Asserted Patent.

## Knowledge and Willfulness

43. On December 2, 2024, KetoneAid sent a cease and desist letter to Defendant putting it on notice of the Asserted Patent and of Defendant's infringing conduct.

44. On December 17, 2024, Defendant acknowledged receipt of the cease and desist letter, and confirmed the product does contain the Active Ingredient, but has continued its infringing acts.

## Permanent Injunctive Relief

45. **KetoneAid** is entitled to permanent injunction restraining **Defendant** from further infringement because:

Case 3:25-cv-01234-GMM    Document 1    Filed 04/25/25    Page 11 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

a. **KetoneAid** has no adequate remedy at law because of **Defendant's** lack of wherewithal to satisfy a judgment, and because **Plaintiff's** market share and product margins will be reduced if **Defendant** is allowed to continue with its unlawful, unauthorized and free-riding acts;

b. **Defendant's** infringement is and will continue causing **KetoneAid** irreparable harm to **KetoneAid** because **Defendant** would be a direct competitor to one of **Plaintiff's** core business products, and **Plaintiff's** significant investments in marketing and development of alliances with brand ambassadors, which include doctors, health specialists, and other wellness personalities, would be damaged, as would **KetoneAid's** goodwill;

c. **KetoneAid's** proprietary technology, including the **Asserted Patent**, will be harmed because other competitors will be motivated to follow **Defendant's** infringing conduct reducing the coercive and monetary value of the **Asserted Patent**;

d. The public interest will be served with holding **Defendant's** unlawful and unauthorized conduct accountable, and will incentivize other entrepreneurs to develop and patent new technologies;

e. The balance of hardships favors the equitable permanent enjoining of **Defendant** since **Defendant** has no right to use the patented technology, **KetoneAid** has acted diligently, putting **Defendant** on notice within a month of Defendant's *soft opening*, given **Defendant's** continued unlawful and unauthorized conduct after being put on notice by **KetoneAid**; and given that patents are a property right, with origins in

Case 3:25-cv-01234-GMM    Document 1    Filed 04/25/25    Page 12 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

the Intellectual Property Clause of the Constitution,[4] granting the owner the right to exclude other from benefiting from the patented invention without authorization.

## Damages

46.    **KetoneAid** is entitled to damages adequate to compensate for Defendant's infringement, together with compensatory damages, interest, costs, and attorneys' fees under 35 U.S.C. § 285.

### VI.    COUNT II: PIERCING OF CORPORATE VEIL

47.    Upon information and belief, Ibok exercises complete control over Suspend Aging, operating it as an alter ego to shield personal liability.

48.    Suspend Aging has not paid the required annual fee to the Department of State of Puerto Rico, since its creation in 2023, and is therefore, not in good standing and has not complied with corporate formalities and records.

49.    Upon information and belief, Suspend Aging is undercapitalized and/or the company's funds are intermingled with those of Ibok; and Ibok is the sole shareholder, officer and director of the company, creating a unity of interest and ownership that the company is not separate and independent from Ibok.

50.    For example, Ibok personally is the owner of the trademark application for the brands "fun ketones" and "betterhol" that Suspend Aging uses to market the Accused Products.

51.    Under Federal Common Law and the Supreme Court of Puerto Rico controlling caselaw, Ibok is personally liable for all claims and judgments in this Complaint, jointly and severally with Suspend Aging.

---

[4] U.S. Const. art. I, § 8, cl. 8.

Case 3:25-cv-01234-GMM    Document 1    Filed 04/25/25    Page 13 of 14

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff KetoneAid, Inc. respectfully requests that this Court enter judgment in its favor and award the following relief:

**Patent Infringement**

a. A judgment that Defendant has infringed one or more claims of the Asserted Patent.

b. An order granting a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all others in active concert with them from further infringing activities related to the Asserted Patent.

**Damages & Attorneys' Fees**

a. An award of damages adequate to compensate for Defendant's infringement pursuant to 35 U.S.C. § 284.

b. Attorneys' fees and costs under 35 U.S.C. § 285 and any applicable law for Defendants' willful and knowing infringement.

**Alter Ego / Personal Liability**

An order holding Ibok personally liable for all claims and judgments in the complaint jointly and severally with the Suspend Aging.

**Other Relief**

a. Such other and further relief as the Court deems just and proper under the circumstances.

# REQUEST FOR BENCH TRIAL

Pursuant to Federal Rule of Civil Procedure 39(a)(1), Plaintiff, KetoneAid, Inc. requests a bench trial on all issues so triable, in the interest of efficiency and expedited resolution.

Verified Complaint
KetoneAid, Inc. v. Suspend Aging, L.L.C., et al.

### UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, **Frank Borges Llosa**, of legal age, married, resident of Falls Church, Virginia, and CEO and Founder of KetoneAid Inc., hereby state under penalty of perjury, pursuant to the Laws of the United States of America, 28 U.S.C. §1746, that I have read the foregoing Verified Complaint and its supporting exhibits and that, to the best of my knowledge and belief, and/or pursuant to the information and documents in possession of KetoneAid Inc., all allegations contained herein are true and correct.

                                              KetoneAid, Inc.

                                    *Frank LLosa*

                                      **Frank Borges Llosa, CEO**

DATED: April 23, 2025

Respectfully submitted,

**Ferraiuoli**

P.O Box 195168
San Juan, PR 00919-5168
250 Muñoz Rivera Avenue,
6th Floor
San Juan, PR 00918
Tel.: (787) 766-7000

By:*/s/Víctor Rodríguez-Reyes*
Víctor M. Rodríguez-Reyes
USDC No. 228510
Email: vrodriguezreyes@ferraiuoli.com

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
Email: etorres@ferraiuoli.com

By: /s/Rafael Rodríguez Muriel
Rafael Rodríguez Muriel
USDC No. 300007
rrodriguez@ferraiuoli.com